UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT
CASE NO. _____

| | |
|---|---|
| SHAUN DEWATERS<br>7794 Ravenswood Drive<br>Florence, KY 41042<br><br>  PLAINTIFF,<br><br>v.<br><br>BRIAN INGLE, in his individual and<br>official capacities as<br>Director, Division of Motor Vehicle<br>Licensing, Department of Vehicle<br>Regulation<br>Kentucky Transportation Cabinet<br>SERVE: BRIAN INGLE<br>200 Mero Street<br>Frankfort, KY 40622<br><br>AND<br><br>GREG THOMAS, in his individual and<br>official capacity as Secretary of Ky.<br>Transportation Cabinet<br>SERVE: GREG THOMAS<br>200 Mero Street<br>Frankfort, KY 40622<br><br>  DEFENDANTS. | Judge _____<br><br>Magistrate _____<br><br><br><br>VERIFIED COMPLAINT AND<br>JURY DEMAND |

Plaintiff, for his causes of action against Defendants, state as follows:

## NATURE OF ACTION

1. In this 42 U.S.C. § 1983 official capacity suit, Plaintiff seeks declaratory and injunctive relief under the First and Fourteenth Amendments to the United States Constitution, alleging that Defendants, acting under color of law, deprived Plaintiff of his right of free speech

and due process as protected by the First and Fourteenth Amendments to the United States Constitution, by denying him the right to continue to use his personalized plate with the letters INFDL, representing a term of comradery used by Marines who served in the Middle East and by requiring him to turn in to the Kentucky Transportation Cabinet his personalized license plate, which Defendants had previously approved and issued to him, thus banning him from further use of his personalized plate.

2. Plaintiff seeks declaratory relief, declaring KRS § 186.174(3) and § 186.164(9), both on their face and as applied to denial of Plaintiff's continued use of his personalized license plate, as a violation of his right to free speech under the First and Fourteenth Amendments; and Plaintiff further seeks prospective injunctive relief barring Defendants from enforcing those statutory provisions in the future to deny Plaintiff a personalized license plate.

## JURISDICTION AND VENUE

3. This action arises out of the First and Fourteenth Amendments to the United States Constitution.

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff resides in this venue and was injured by the actions of Defendants. Defendants, in their official capacities, are located in the Eastern District. Additionally, the acts giving rise to this action occurred within this district and venue. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff DeWaters, an Iraqi War Veteran, is a citizen of Kentucky and resides in Boone County, Kentucky.

7. Defendant Greg Thomas, in his official capacity, currently serves as Secretary of Kentucky's Transportation Cabinet, an agency of the Commonwealth of Kentucky. The Cabinet's principal offices are located in Franklin County, Kentucky. As Secretary, Defendant Thomas directs and oversees the operations of the Kentucky Transportation Cabinet, including the Division of Motor Vehicle Licensing, Department of Vehicle Regulation, which, under his ultimate authority, approves and issues license plates to vehicles registered in Kentucky, including Plaintiff's.

8. Defendant Brian Ingle, in his official capacity, currently serves as the Director of Division of Motor Vehicle Licensing, Department of Vehicle Regulation, (hereafter "DMV") and has immediate responsibility for overseeing that Division, including the approval and issuance of license plates to vehicles registered in Kentucky, including Plaintiff's. The Division's principal offices are located in in Franklin County, Kentucky.

## STATEMENT OF FACTS

9. Plaintiff incorporates the above Paragraphs by reference.

10. At all times relevant hereto, Defendants were acting under color of state law.

11. Defendants are the administrators or otherwise exercise control over approval and issuance of personalized license plates pursuant to KRS § 186.174, which are permitted to vary from the requirements of the standard plate codified in KRS § 186.005(2).

12. KRS § 186.174(1) permits vehicle owners to request personalized plates "with personal letters or numbers significant to the applicant." In other words, the statute authorizes individual vehicle owners to have license plates issued by DMV that embody a message or idea important to the owner.

13. KRS § 186.174(5)(b) sets the following restrictions regarding issuance of personalized plates:

> A personalized plate shall not be issued if the cabinet determines the request fails to comply with the following conditions:
>
> 1. The message to be placed on the license plate, if created, shall not discriminate against any race, color, religion, sex, or national origin, and shall not be construed, as determined by the cabinet, as an attempt to victimize or intimidate any person due to the person's race, color, religion, sex, or national origin;
>
> 2. The plate shall not represent a political party and shall not have been created primarily to promote a specific political belief;
>
> 3. The plate shall not have as its primary purpose the promotion of any specific faith, religion, or antireligion;
>
> 4. The plate shall not be the name of a special product or brand name, and shall not be construed, as determined by the cabinet, as promoting a product or brand name; and
>
> 5. The plate's lettering or message to be placed on the license plate, if created, shall not be obscene, as determined by the cabinet.

14. Consistent with that statute, Plaintiff has applied, paid the additional fee, and received a personalized Marine Corps. Veteran license plate with the letters INFDL since April 2007 following his Honorable Discharge in June 2006.

15. In order to obtain the Marine Veteran plate, Plaintiff properly filed a copy of his DD-214 with the Boone County Clerk Records Office. His driver's license indicates that he is a Veteran.

16. The letters "INFDL" convey a term of comradery, referencing the nickname the Marines were given by insurgents in Afghanistan and Iraq. It was based on his experience serving our country as a member of the Marine Corps. that Plaintiff requested these letters on his personalized plate.

17. Plaintiff sold his old vehicle and purchased a new vehicle. However, he wanted to transfer the INFDL plate he had for approximately twelve (12) years to his new vehicle. On September 27, 2019, Plaintiff paid all required registration, tax, title and miscellaneous fees, and his INFDL plate was re-issued and registered with his new vehicle.

18. On or about September 30, 2019, Plaintiff received a notice from Defendant Ingle that his re-issued personalized plate had been "rescinded" without any specifically articulated explanation.

19. After seeking a reason for the action, Plaintiff received an email from Defendant Ingle on October 10, 2019 stating the following basis for rescinding approval and requiring Plaintiff to turn in his personalized plate:

> Once plate, "INFDL," was brought to the attention of the Personalized Plate Committee, it was decided that the plate no longer conforms to the understanding of KRS 186.164(8)(c-e) and 186.174 (5)(b), both of which state that the plate, "shall not discriminate…, represent a political belief…, or promote a specific faith, religion, or anti-religion.

The Defendant did not explain how the plate fit that exclusion criteria but did inform him that he could file an appeal.

20. On October 16, 2019, Plaintiff submitted his appeal, where he stated he felt Defendants had "violated my 1st and 14th Amendment rights…"

21. Plaintiff's appeal explained the primary purpose of his plate: "The term Infidel has a totally other meaning to me being a Disabled Marine Corps combat veteran. It has been well

documented in the media and literature that the insurgency in Iraq and Afghanistan called American troops infidels." Further, he stated, "We actual [sic] took it as a badge of honor that our enemy had given us a nickname."

22. Less than a week later, on the morning of October 22, 2019, Plaintiff was notified via email that his appeal was denied. Rather than articulating or providing a specific explanation as to how Defendants determined that his plate was statutorily non-compliant, Defendants merely repeated the contents of KRS §§ 186.164(8)(c)-(g) and 186.174(5)(b)(1)-(5).

23. That same morning, Plaintiff responded to this appeal, questioning the haste in which the committee had met and made their determination regarding his plate, as he was previously told by Defendants that the appeals committee would meet in November.

24. On the afternoon of October 22, 2019, Defendants replied, indicating that: "the committee deemed that INFDL violates KRS 186.174(5) in that it clearly represents both a political belief as well as a religion or anti-religion. The decision of the Appeals Committee is final. There are no further administrative processes available to you to contest this decision."

25. Plaintiff was advised to relinquish his plate before November 1, 2019, which he understood to mean that his registration would be suspended, should he fail to comply.

26. Within ten minutes of Defendants' reply, Plaintiff sent a reply email, which stated, "I am writing this email in reply of the committee's decision on my plate. How does it represent a religious/anti religious belief and or political view?" He continued, "I still feel as if my 1st Amendment right is being oppressed and I am being discriminated [sic] against for a word that like I have stated is more of a badge of honor then [sic] anything to me."

27. Defendants replied to Plaintiff's inquiry providing no further explanation as to how the plate represented a religious/anti-religious belief and/or political view.

6

28. On October 31, 2019, Plaintiff relinquished his plate at the Boone County Clerk's Office. The clerk could not locate the current registration of his new vehicle in the database, which Plaintiff understood to mean that his registration was prematurely suspended by the Kentucky Department of Transportation.

29. Plaintiff was then denied a standard, non-personalized Marine Corps. Veteran license plate, despite the fact that he had filed his DD-214 with the Clerk, had a license indicating his Veteran status, and had annually renewed his previous Marine Corps. plate without issue since its issuance in 2007.

30. Because he was denied the Marine Veteran plate, Plaintiff was issued a standard Kentucky license plate. He was not reimbursed any of the costs previously paid to renew the INFDL plate.

31. By Defendants' actions, Plaintiff has been deprived of his clearly established rights to Free Speech and Due Process under the First and Fourteenth Amendments to the United States Constitution and other relevant jurisprudence.

32. As a direct and proximate result of Defendants' conduct as described above, Plaintiff has been irreparably harmed and suffered loss of his Constitutionally given right to freely express himself.

## COUNT I - 42 U.S.C. § 1983

**Violation of Plaintiff's Right to Freedom of Speech Guaranteed by the
First Amendment of the United States Constitution
(As Applied Challenge to KRS §§ 186.174, 186.164, and 601 KAR 9:012)**

33. Plaintiff incorporates all factual allegations set out above.

34. Plaintiff's personalized message expressed through his license plate are expressions of free speech protected by the First Amendment of the United States Constitution.

35. The rescission of Plaintiff's personalized plate "INFDL" is based on its content and as such, establishes viewpoint discrimination, which is prohibited by the First Amendment of the United States Constitution as applied to the states by the Fourteenth Amendment.

36. The application of KRS §§ 186.174, 186.164, and 601 KAR 9012 to Plaintiff's expression of "INFDL" has unreasonably and impermissibly chilled Plaintiff's right to free expression.

37. Defendants either personally made or ratified the decision to undertake the acts against Plaintiff by rescinding Plaintiff's license plate.

38. Defendants' conduct, acting under color of state law, has violated, and continues to violate, Plaintiff's right of free speech protected by the First Amendment.

39. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer irreparable harm.

## COUNT II - 42 U.S.C. § 1983

### Violation of Plaintiff's Right to Freedom of Speech Guaranteed by the First Amendment of the United States Constitution
### (Facial Challenge to KRS §§ 186.174, 186.164, and 601 KAR 9012)

40. Plaintiff incorporates all factual allegations set out above.

41. On its face, KRS §§ 186.174, 186.164, and 601 KAR 9012 create overly broad, unreasonable, and impermissible restrictions on speech.

42. The rescission of Plaintiff's personalized plate is based on its content and as such, establishes viewpoint discrimination, which is prohibited by the First Amendment of the United States Constitution as applied to the states by the Fourteenth Amendment.

43. Defendants either personally made or ratified the decision to undertake the acts against Plaintiff by rescinding Plaintiff's license plate.

44. Defendants' conduct, acting under color of state law, has violated, and continues to violate, Plaintiff's right of free speech protected by the First Amendment.

45. The violation of Plaintiff's right to free expression is continuing and will continue without intervention of this court.

46. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer irreparable harm.

**WHEREFORE,** Plaintiff demands the following relief:

A. A preliminary and permanent injunction, enjoining Defendants from rescission of Plaintiff's personalized license plate "INFDL" and forcing its re-issuance, at no cost to Plaintiff;

B. Declare KRS §§ 186.164(9), 186.174(3), and 601 KAR 9:012(5) unconstitutional as applied to Plaintiff's speech;

C. Declare KRS §§ 186.164(9), 186.174(3), and 601 KAR 9:012(5) facially unconstitutional;

D. An award of compensatory damages in an amount to be determined by the evidence at trial;

E. An award of attorney fees and costs and all other relief to which Plaintiff appears entitled.

Respectfully submitted,

*/s/Michael J. O'Hara*
MICHAEL J. O'HARA (Ky Bar No. 52530)
O'HARA, TAYLOR, SLOAN & CASSIDY
25 Town Center Boulevard, Suite 201
Covington, Kentucky 41017
(859) 331-2000

FAX: (859) 578-3365
mohara@oharataylor.com

*/s/ Robert B. Newman*
ROBERT B. NEWMAN (Ky Bar No. 84225)
215 E. 9th St., Ste. 650
Cincinnati, Ohio 45202
(513) 639-7000
Bob@RobertNewmanAttorney.com

**ATTORNEYS FOR PLAINTIFF**

**JURY DEMAND**

Pursuant to Federal Rule 38, Plaintiff herewith demands that all issues of fact in the foregoing Complaint be tried to a jury.

*/s/Michael J. O'Hara*

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I make the following declaration under penalties of perjury:

I verify that I have read the Complaint in this case and that the facts alleged in it are true, to the best of my knowledge, information, and belief.

Shaun DeWaters

11-25-2019
Date